UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BELGICA RIVERA PERALTA,<br><br>                          Plaintiff,<br><br>     -v-<br><br>LA MORENA RESTAURANT CORP., et al.,<br><br>                          Defendants. | CIVIL ACTION NO. 25 Civ. 3396 (VSB) (SLC)<br><br>**OPINION AND ORDER** |

**SARAH L. CAVE,** United States Magistrate Judge.

On April 24, 2025, Plaintiff Belgica Rivera Peralta ("Ms. Peralta") filed a complaint (the "Complaint") against her employers La Morena Restaurant Corp., Ronald Rodriguez Perez, and Virgen Isabel Perez De Rodriguez (collectively, the "Original Defendants"), alleging claims under the Fair Labor Standards Act, 29 U.S.C §§ 201 et seq., (the "FLSA"), and the New York Labor Law (the "NYLL"), arising from the Original Defendants' alleged failure to pay her minimum wages, overtime compensation, and spread of hours compensation. (ECF No. 1 at 1, 10–13). Ms. Peralta also alleges that the Original Defendants failed to provide her with required wage notices and wage statements. (Id. at 13–15).

The Original Defendants having failed to respond to the Complaint, the Court ordered Ms. Peralta to initiate default judgment proceedings. (ECF No. 11). Subsequently, the Court granted Ms. Peralta's request for an extension of time to initiate default proceedings because she sought to amend the Complaint to add new defendants. (ECF No. 13). The Court held in abeyance the deadline to initiate default judgment proceedings pending her filing of a motion for leave to amend the Complaint on or before July 16, 2025. (Id.)

1

On July 16, 2025, Ms. Peralta filed a motion for leave to amend her Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2).  (ECF No. 14 (the "Motion")).  She seeks to add two new defendants, Juan Ramos Peralta and Sabor de Mi Abuela Mar y Tierra Restaurant II Corp. (collectively, the "New Defendants"), who, in July 2024, allegedly took over ownership and operation of the restaurant (the "Restaurant") where Plaintiff works.  (ECF No. 15 at 4-5).  Neither the Original Defendants nor the New Defendants (collectively, the "Defendants") have responded to the Motion.

A court "should freely give leave" to amend a pleading "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The Rule encourages courts to determine claims "on the merits" rather than disposing of claims or defenses based on "mere technicalities."  Monahan v. N.Y.C. Dep't of Corr., 214 F.3d 275, 283 (2d Cir. 2000).  The Second Circuit has explained that "district courts should not deny leave [to amend] unless there is a substantial reason to do so, such as excessive delay, prejudice to the opposing party, or futility."  Friedl v. City of New York, 210 F.3d 79, 87 (2d Cir. 2000).  Courts in this District have held that denial of a motion to amend is appropriate where "(1) the movant is guilty of undue delay, (2) the movant has acted in bad faith, (3) the amendment would be futile, or (4) the amendment would prejudice the opposing party."  Procter & Gamble Co. v. Hello Prods., LLC, No. 14 Civ. 649 (VM) (RLE), 2015 WL 2408523, at *1 (S.D.N.Y. May 20, 2015) (citing State Tchrs. Ret. Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981)).

As an initial matter, Defendants did not respond to the Motion and, therefore, they have not shown that Ms. Peralta unduly delayed filing the Motion, acted in bad faith or with dilatory purposes, or caused Defendants prejudice.  See Red Black Tree, D.O.O. v. Hotel Credits, Inc.,

2

No. 22 Civ. 7834 (JGK) (SLC), 2023 WL 8039360, at *4–5 (S.D.N.Y. Nov. 20, 2023) (granting motion to amend complaint to add parties and a claim where defendants did not respond to the motion and where the proposed amendments were not plainly futile); Esmilla v. Cosmopolitan Club, No. 09 Civ. 10169 (DF), 2011 WL 814007, at *2 (S.D.N.Y. Mar. 3, 2011) (granting motion to amend to add new claims and allegations against existing defendants who did not oppose those amendments); Feliciano v. Circulation Promotion & Res., Inc., No. 98 Civ. 8727 (JGK), 1999 WL 1102798, at *1 (S.D.N.Y. Dec. 6, 1999) (granting motion to amend "without opposition from the defendant"); Barbagallo v. Gen. Motors Corp., No. 88 Civ. 1534 (MJL), 1990 WL 100874, at *3 (S.D.N.Y. July 13, 1990) (granting motion to amend to add claim "to the extent that it is unopposed").

Moreover, Ms. Peralta has met the liberal standard for amendment under Rule 15(a)(2) because, at a minimum, the proposed revisions to add the New Defendants, who own and operate the Restaurant (ECF No. 15 at 4-5), are not "so plainly futile that leave to amend would be improper." Red Black Tree, 2023 WL 8039360, at *5 (citation omitted).

Accordingly, it is ORDERED as follows:

(1) Ms. Peralta's unopposed Motion to Amend the Complaint (ECF No. 14) is **GRANTED**.

(2) On or before **August 8, 2025**, Plaintiff shall re-file the Amended Complaint (ECF No. 16-1) on the public docket as the operative pleading.

(3) On or before **August 29, 2025**, Plaintiff shall serve the Original Defendants with the Amended Complaint, and shall serve the New Defendants with both a summons and the Amended Complaint, and file proof of such service on the docket.

(4) Defendants shall respond to the Amended Complaint **within twenty-one (21) days from the date of service**.

The Clerk of Court is respectfully directed to close ECF No. 14.

Dated:   New York, New York
         August 5, 2025

                                SO ORDERED.

                                _____
                                **SARAH L. CAVE**
                                **United States Magistrate Judge**