UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BELGICA RIVERA PERALTA,

                    Plaintiff,

    -v-

LA MORENA RESTAURANT CORP., et al.,

                  Defendants.

CIVIL ACTION NO. 25 Civ. 3396 (VSB) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

Pursuant to the Court's Order at Dkt. No. 54, (the "Inquest Order"), Plaintiff Belgica Rivera Peralta ("Plaintiff") was required to file proof of service of the Inquest Order and her damages submission (Dkt. No. 47–49 (the "Damages Submission")) on Defendants La Morena Restaurant Corp., Ronald Rodriguez Perez, Virgen Isabel Perez De Rodriguez, Sabor De Mi Abuela Mar Y Tierra Restaurant II Corp., and Juan Ramos Peralta (together, "Defendants") by January 19, 2026. (Dkt. No. 54). To date, Plaintiff has not filed the required proof of service. As a one-time courtesy, the Court sua sponte **EXTENDS** Plaintiff's deadline to file the required proof of service up to and including **January 28, 2026**. PLAINTIFF IS WARNED THAT FAILURE TO FILE PROOF OF SERVICE OF THE INQUEST ORDER AND DAMAGES SUBMISSION ON DEFENDANTS BY **JANUARY 28, 2026** MAY RESULT IN THE UNDERSIGNED ISSUING A REPORT AND RECOMMENDATION THAT RECOMMENDS DENIAL OF PLAINTIFF'S DAMAGES SET FORTH IN HER DAMAGES SUBMISSION.

Assuming Plaintiff files the required proof of service, as stated above, by January 28, 2026, Defendants' deadline to submit their response to the Damages

Submission, if any, is **EXTENDED** from January 26, 2026 up to and including **February 11, 2026**.    IF DEFENDANTS (1) FAIL TO RESPOND TO PLAINTIFF'S DAMAGES SUBMISSION, OR (2) FAIL TO CONTACT MY CHAMBERS BY **FEBRUARY 11, 2026** AND REQUEST AN IN-COURT HEARING, THE UNDERSIGNED INTENDS TO ISSUE A REPORT AND RECOMMENDATION CONCERNING DAMAGES BASED ON PLAINTIFF'S DAMAGES SUBMISSIONS ALONE WITHOUT AN IN-COURT HEARING.    See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) ("'[I]t [is] not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in a default judgment.'" (quoting Fustok v. ContiCommodity Servs. Inc., 873 F.2d 38, 40 (2d Cir. 1989))).

Dated:        New York, New York
              January 21, 2026

SO ORDERED.

SARAH L. CAVE
United States Magistrate Judge

2