UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BELGICA RIVERA PERALTA,

Plaintiff,

- against -

LA MORENA RESTAURANT CORP., *et al.*,

Defendants.

25-CV-3396 (VSB) (SLC)

**ORDER**

VERNON S. BRODERICK, United States District Judge:

On April 24, 2025, Plaintiff Belgica Rivera Peralta ("Plaintiff") filed this action seeking payment of unpaid overtime wages and related relief from her former employers Defendants La Morena Restaurant Corp. ("La Morena"), Ronald Rodriguez Perez ("Rodriguez Perez"), and Virgen Isabel Perez De Rodriguez ("De Rodriguez," and with La Morena and Rodriguez Perez, "First Owners"). (Doc. 1.) On April 28, 2025, I referred this case to Magistrate Judge Sarah L. Cave to handle general pretrial matters. (Doc. 6.)

On August 6, 2025, Plaintiff filed an amended complaint adding Sabor De Mi Abuela Mar Y Tierra Restaurant II Corp. ("Sabor De Mi Abuela") and Juan Ramos Peralta ("Ramos Peralta," and with Sabor De Mi Abuela, "Second Owners") as Defendants. (Doc. 18 ("Amended Complaint").) Defendants failed to answer, move, or otherwise respond to the Amended Complaint. On October 3, 2025, Magistrate Judge Cave ordered Plaintiff to request certificates of default against Defendants. (Doc. 30.) On October 17, 2025, Plaintiff requested certificates of default against Defendants La Morena, Sabor De Mi Abuela, Rodriguez Perez, and De Rodriguez. (Docs. 31–34.) On October 20, 2025, Plaintiff requested a certificate of default

against Ramos Peralta. (Doc. 42.) That same day, the Clerk of Court issued certificates of default against all Defendants. (Docs. 37–40, 43.) On December 9, 2025, Plaintiff moved for a default judgment against all Defendants, (Doc. 47), and filed an accompanying memorandum of law, (Doc. 48), as well as an attorney declaration and exhibits in support, (Doc. 49). On December 15, 2025, I issued an order to show cause for default judgment and set a hearing for January 12, 2026. (Doc. 50.) On January 12, 2026, Defendants failed to appear at the order to show cause hearing. I entered a default judgment as to liability in favor of Plaintiff against Defendants and referred the case to Magistrate Judge Cave for an inquest on damages. (Docs. 52–53.) On July 28, 2026, Magistrate Judge Cave issued a thorough 40-page Report and Recommendation recommending that Plaintiff be awarded:

(a) As to the First Owners:

a. Compensatory damages in the amount of $43,281.99, consisting of: (a) $25,067.07 in straight time wages, (b) $17,647.92 in overtime wages, and (c) $567.00 in spread-of-hours wages;

b. Liquidated damages in the amount of $43,281.99;

c. Prejudgment interest on Plaintiff's damages for straight time wages, overtime wages, and spread-of-hours wages (i.e., $43,281.99) at a rate of nine percent per annum from the period of January 23, 2022 to the date of entry of judgment;

d. Post-judgment interest pursuant to 28 U.S.C. § 1961;

(b) As to the Second Owners,

a. Compensatory damages in the amount of $5,279.25, consisting of: (a) $808.50 in straight time wages and (b) $4,470.75 in overtime wages.

b. Liquidated damages in the amount of $5,279.25;

c. Prejudgment interest on Plaintiff's damages for straight time wages and overtime wages (i.e., $5,279.25) at a rate of nine percent per annum from the period of January 26, 2025 to the date of entry of judgment;

d. Post-judgment interest pursuant to 28 U.S.C. § 1961;

(c) Pursuant to NYLL § 198(4), an automatic increase of judgment to be applied to damages awarded under the NYLL that remain unpaid upon the expiration of 90 days following issuance of judgment, or 90 days after expiration of the time to appeal, and no appeal is then pending, whichever is later.

(Doc. 57 ("Report and Recommendation") at 38–39.)[1] None of the parties filed any objections to the Report and Recommendation.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

Although the Report and Recommendation explicitly provided that "[t]he parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure," Report and Recommendation at 40, and that "failure to object within fourteen (14) days will result in a waiver of objections and will preclude appellate review," (*id.* (bolded and capitalized in original)), none of the parties filed an objection or

[1] Magistrate Judge Cave further recommended "that no damages under the [New York Wage Theft Prevention Act] be awarded." (Report and Recommendation at 39.)

requested additional time to do so. I have reviewed Magistrate Judge Cave's detailed and well-reasoned Report and Recommendation for clear error and, after careful review, find none. I therefore ADOPT the Report and Recommendation in its entirety.

The Clerk's Office is respectfully directed to terminate any open motions, enter judgment in accordance with this Order, and close this case.

SO ORDERED.

Dated: November 23, 2026
New York, New York

Vernon S. Broderick
United States District Judge